IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES GENE DEES, JR., )<br>#287395, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>OFFICER SMITH, et al., )<br> )<br>    Defendants. ) | CASE NO. 2:22-CV-382-WHA-CSC |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Charles Gene Dees, Jr., acting *pro se*, filed this 42 U.S.C. § 1983 action on June 23, 2022. *See* Doc. 1. On July 7, 2022, the Court issued an Order directing Plaintiff to pay the requisite filing and administrative fees on or before July 28, 2022. *See* Doc. 3. The Court specifically cautioned Plaintiff that his failure to pay the fees would result in a Recommendation that this case be dismissed and such dismissal would not be reconsidered absent exceptional circumstances. Nonetheless, more than 6 weeks have passed since the deadline, and Plaintiff has neither paid the requisite fees nor otherwise responded to the Court's July 7 Order.

Because of Plaintiff's failure to comply with Court orders, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or

obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff failed to pay the requisite fees at the time of filing or within the time allotted by the Court, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **September 27, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

   DONE this 13th day of September 2022.


/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE